Deare Senator Mickle,
¶ 0 This office has received your recent request for an Attorney General's Opinion in which you asked:
Does the State Board of Veterinary Medical Examiners have theauthority to require graduates of veterinary medical schoolsoutside the United States or Canada to complete additionaltraining or examination and complete the State licensureexamination prior to licensure?
¶ 1 The State Board of Veterinary Medical Examiners ("the Board") is a statutory agency charged with the duty "to regulate the practice of veterinary medicine" in Oklahoma. 59 O.S. Supp.1997, § 698.3[59-698.3]. In doing so, the Board must determine "a person's initial and continuing qualification and fitness for the practice of veterinary medicine." Id. Thus, the Board has been delegated the power to "[set] standards for licensure or certification by examination and [develop] such examination as will provide assurance of competency to practice." 59 O.S. Supp. 1997, §698.7[59-698.7](1)(a).
¶ 2 The Board has broad authority to determine qualifications for licensure:
 Requirements for licensure shall be set by the Board and may be changed as the education and training for the practice of veterinary medicine changes. Prior to issuance of a license or certificate to practice veterinary medicine in this state, the applicant shall have been found by the Board to be of good moral character and the Board shall consider but not be limited to the following evidence of suitability to practice:
 1. Graduation from an approved school of veterinary medicine whose requirements at the time of graduation are acceptable to the Board. Graduates of schools of veterinary medicine located outside the United States and Canada shall be held to the same standards for evidence of suitability as are graduates of schools of veterinary medicine located within the United States in that the applicants shall conform in all respects to the requirements set forth in this section; where necessary, further examination shall be administered by the Board or its designee to determine competency to practice. . . .
. . . .
 4. Evidence that the applicant has passed examinations satisfactory to the Board and that the examination scope is acceptable to the Board. The Board shall have the authority to set minimum passing scores for examinations and to limit the number of times an applicant may take an examination in this state;
. . . .
 6. Evidence that the applicant is mentally and professionally capable of practicing veterinary medicine in a competent manner as determined by the Board and willing to submit, if deemed appropriate by the Board, to an evaluation of skills and abilities[.]
59 O.S. 1991, § 698.8[59-698.8](B).
¶ 3 The Legislature has expressly provided that the Board has the authority to determine requirements for licensure to practice veterinary medicine, to ensure that graduates of schools outside the United States and Canada meet the same standards as graduates of schools in the United States and Canada, to ensure the professional qualifications of licensees, and to require applicants to pass an examination or examinations approved by the Board. Although the Oklahoma Veterinary Practice Act does not specifically reference either the clinical program or an examination regarding the clinical program, Section 698.8 gives broad powers to the Board in licensure matters, which adequately supports the imposition of an additional clinical program or clinical proficiency examination to prove the adequacy of the training of an applicant for licensure from a school outside the United States or Canada.
¶ 4 This, of course, does not grant the Board unbridled authority to place application requirements upon an applicant for licensure. Nevertheless, the Oklahoma Legislature, in enacting requirements for the practice of a profession, acts pursuant to its police powers to protect the public health, safety and welfare, and is within its constitutional power. The Oklahoma Supreme Court has acknowledged the authority of the Legislature to require applicants from outside of the United States to prove education and training comparable to that one would receive in the United States. DiMauro v. Oklahoma Board of MedicalExaminers, 769 P.2d 759 (Okla. 1989). Therein, the Court found no denial of equal protection in requiring an applicant from a foreign medical school to prove that the applicant's education was equivalent to the education provided by the University of Oklahoma Medical Center. Id. at 763. To the contrary, the Court recognized the constitutional authority of the Legislature to regulate, as in that case, persons who choose to practice medicine in Oklahoma.
¶ 5 Likewise, the Legislature has a similar power to regulate the practice of veterinary medicine in Oklahoma and to require those persons educated outside the United States to meet the same educational requirements as those within the United States. Under this authority, the Legislature has granted the Board the power to examine applicants from veterinary medical schools outside the United States or Canada or otherwise evaluate the professional skill and ability of such an applicant. 59 O.S. 1991, §698.8[59-698.8](B)(1). The statute does not specify the way the Board is authorized to do this, so it is left to the judgment and discretion of the Board. See Application of State Board ofMedical Examiners, 206 P.2d 211 (Okla. 1949). Whether a particular mechanism chosen by the Board is within its statutory authority is a question of fact outside the scope of an Attorney General Opinion. 74 O.S. Supp. 1997, § 18b[74-18b](A)(5).
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The State Board of Veterinary Medical Examiners has theauthority to require graduates of veterinary medical schoolsoutside the United States or Canada to complete additionaltraining or examination and to complete the State licensureexamination prior to licensure. 59 O.S. 1991, § 698.8[59-698.8](B)(1).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL